USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1911 VINCENT F. ZARRILLI, Plaintiff, Appellant, v. CAPITOL BANK & TRUST CO., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. W. Arthur Garrity, U.S. District Judge] ___________________ ____________________ Before Torruella, Cyr and Boudin, Circuit Judges. ______________ ____________________ Vincent F. Zarrilli on brief pro se. ___________________ Ann S. DuRoss, Assistant General Counsel, Richard J. Osterman, ______________ _____________________ Jr., Senior Counsel, Robert D. McGillicuddy, Deputy Senior Counsel, J. ___ ______________________ __ Scott Watson, Senior Attorney, and J. Kendall Rathburn, Senior _____________ __________________________ Attorney, Federal Deposit Insurance Corporation, on brief for appellee. ____________________ May 11, 1993 ____________________ Per Curiam. We have reviewed the parties' briefs and the record __________ on appeal. We conclude that there was no abuse of discretion in the district court's denial of appellant's motion, filed pursuant to Fed. R. Civ. P. 60(b)(6), which sought to vacate a judgment entered in February 1980. Appellant has given no explanation, much less shown __ extraordinary circumstances, to excuse his failure to appeal that judgment. "Rule 60(b)(6) may not be used to escape the consequences of the movant's dilatory failure to take a timely appeal." Mitchell ________ v. Hobbs, 951 F.2d 417, 420 (1st Cir. 1991). _____ And, his explanation for the 11 year delay in presenting his Rule 60(b)(6) motion to the district court - that he believed that the district court should have before it the bankruptcy court record, which had been, and still is, lost - does not constitute extraordinary circumstances. Appellant learned in September 1981 that the record was lost. If, as appellant claims, this bankruptcy record was important to his district court case, he could have, and should have, filed his Rule 60(b) motion at that time, along with the notice from the Federal Archives and Record Center and appellant's own copies of the bankruptcy record documents which he has had all along. Appellant's waiting until 1991 to do what he could have done ten years earlier does not warrant vacating the underlying judgment. In any event, we have reviewed the grounds that appellant raises for vacating the 1980 district court judgment and they have no merit.* Affirmed. _________ ____________________ *Appellant has moved for leave to file a supplemental appendix. From aught we can tell, none of the documents in that supplemental appendix were before the district court and so are not properly part of the record on appeal. See Fed. R. App. P. 10(a). The motion is, ___ therefore, denied. In any event, we have reviewed that supplemental _______ appendix. Nothing therein changes our disposition of this appeal.